Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JAC INVESTMENTS GROUP, LLC<br><br>Recurrida<br><br>v.<br><br>LN INVESTMENT GROUP CORP. Y OTROS<br><br>Peticionaria | KLCE202500045 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso núm.: GR2024CV00148<br><br>Sobre:  Cobro de Dinero Ordinario y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2025.

En un caso de cobro de dinero y ejecución de hipoteca, el Tribunal de Primera Instancia (TPI) denegó una moción de desestimación.  Según se explica a continuación, no procede nuestra intervención, pues la validez de la deuda por la cual se reclama no se afectaría aun si, como plantea el deudor, el acreedor carecía de una licencia requerida por ley al momento de consumarse la transacción en controversia.

I.

En mayo de 2024, JAC Investments Group, LLC (el "Acreedor"), presentó la acción de referencia, sobre cobro de dinero y ejecución de hipoteca (la "Demanda"), en contra de LN Investment Group Corp. (el "Deudor") y del Sr. Melvin M. Navedo Marrero (el "Garantizador"; junto al Deudor, los "Deudores").

La Acreedora alegó que le otorgó al Deudor un "préstamo hipotecario", garantizado por el Sr. Navedo Marrero.  Sostuvo que los demandados debían un balance de $1.19 millones, y que la deuda era líquida y exigible, pues el Deudor no había cumplido con los términos contractuales pertinentes.

En julio de 2024, los Deudores presentaron una moción de desestimación (la "Moción"). Arguyeron que el Acreedor "concedió préstamo con garantía hipotecaria careciendo de licencia requerida por ley". Sostuvo que, por ello, "el contrato es uno con causa ilícita que lo vició de nulidad e inexistencia". Planteó que, por esa razón, "tanto la deuda principal como sus garantías" eran inexistentes.

El Acreedor se opuso a la Moción. Arguyó que la licencia no es, ni era, necesaria cuando, como ocurre aquí, el préstamo se extiende "a un deudor que recibe el dinero con fines de lucro o comerciales". Además, indicó que, aun si la licencia fuese necesaria en este contexto, la hipoteca no sería nula y, ciertamente, la obligación subyacente sería válida. Los Deudores replicaron.

Mediante una Resolución notificada el 19 de diciembre (la "Decisión"), el TPI denegó la Moción.

El 16 de enero, los Deudores presentaron el recurso que nos ocupa, en el cual reproducen lo planteado en la Moción. Insisten en que el Acreedor debía contar "con la licencia requerida" por la Ley 247-2010, *infra*.

El Acreedor presentó su oposición al recurso. Reiteró que la Ley 247-2010, *infra*, "no impone la nulidad automática de un préstamo hipotecario por falta de licenciamiento". Aseveró que la referida ley no aplica a "financiamientos comerciales o de inversión", y que así lo ha interpretado la entidad a cargo de administrar la ley (Oficina del Comisionado de Instituciones Financieras, o "OCIF"). Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al

recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*. Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Concluimos que no procede intervenir con la Decisión. No es necesario resolver la controversia en torno a si el Acreedor estaba, o está, obligado a obtener una licencia bajo la Ley 247-2010 ("Ley para Regular el Negocio de Préstamos Hipotecarios de Puerto Rico", o "Ley 247"), 7 LPRA secs. 3051 y ss. Ello porque, aun si el Acreedor estuviese en incumplimiento con dicha ley (sin resolverlo aquí), ello no conllevaría la nulidad de los negocios jurídicos que el Acreedor haya realizado sin licencia.

En efecto, la Ley 247, al disponer sobre las consecuencias de que una persona opere sin la licencia requerida, omite declarar como inválidos los contratos o transacciones que puedan realizarse sin licencia. Ello a pesar de que la ley impone consecuencias severas al incumplimiento con la misma, incluidas multas administrativas y sanciones penales. Véase Artículo 6.3 de la Ley 247, 7 LPRA sec. 3056b.

Así pues, por considerar que el TPI no ha cometido algún error de derecho que requiera de nuestra intervención, declinamos la invitación de los Deudores a intervenir con la Decisión.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones